Filed 1/12/23  P. v. Valentine CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOE LOUIS VALENTINE,<br><br>    Defendant and Appellant. | B319633<br><br>(Los Angeles County<br>Super. Ct. No. A366030) |

THE COURT:

Joe Louis Valentine (defendant) appeals the order of the superior court denying his petition for resentencing under Penal Code[1] section 1172.6 (former section 1170.95).[2]  We appointed

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

counsel to represent defendant on appeal. After an examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. Defendant filed his own supplemental brief, in propria persona.

Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND[3]

In January 1981, defendant and other gang members decided to avenge the death of one of their own by targeting members of a rival gang. Defendant, armed with a firearm, went to a gym located in the rival gang's territory, confronted several people and fired one shot into the ceiling. As defendant exited the gym, he exchanged words with another man and then shot him in the head, killing him. Defendant was convicted by jury of conspiracy to commit murder (§§ 182, 187) with a true finding on the allegation that a principal was armed with a firearm in the commission of the offense (§ 12022, subd. (a)). The trial court sentenced defendant to a state prison term of 26 years to life comprised of 25 years to life for the conspiracy to commit murder and one additional year for the firearm enhancement.

On appeal from the judgment of conviction, we modified the judgment to correct the abstract of judgment, which had erroneously documented a sentence of 16 years for defendant

---

[2] Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). For the sake of simplicity, we will refer to the section by its new numbering only.

[3] The following facts are drawn from this court's unpublished decision in defendant's direct appeal from his conviction. (*People v. Valentine* (Oct. 3, 1983, 2 Crim. No. 42591) [nonpub. opn.].)

2

(rather than the 26 years to life sentence orally imposed by the trial court). In all other respects, we affirmed the judgment.

On January 3, 2022, defendant filed, in propria persona, a petition for resentencing pursuant to section 1172.6.[4]

On March 3, 2022, the trial court summarily denied the petition for resentencing stating, in pertinent part, "defendant's jury trial resulted in conviction on April 20, 1982, of conspiracy to commit murder . . . consequently, . . . defendant fails to meet the requirements of Penal Code section [1172.6] and is statutorily ineligible for such relief."

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Because the instant appeal is not from his conviction, defendant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221-222, 224, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119, (*Kelly*) [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 (*Serrano*).) However, he is entitled to appellate consideration of the contentions raised in his supplemental brief. (See *Serrano*, at p. 503.)

In his supplemental brief, defendant contends that the evidence was insufficient to convict him of conspiracy to commit murder. The argument defendant raises in his supplemental brief constitutes a collateral attack on the judgment not within

---

[4] On February 17, 2022, defendant filed a three-page addendum to his section 1172.6 petition for resentencing.

3

the purview of section 1172.6 nor, therefore, cognizable on appeal from an order denying relief under that statute.[5]

In conclusion, based on our examination of the entire record, we are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*Kelly*, *supra*, 40 Cal.4th at pp. 109-110; *Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The order denying defendant's petition for resentencing pursuant to Penal Code section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J.,  CHAVEZ, J.,  HOFFSTADT, J.

---

[5] Defendant also requests judicial notice of a recent California Supreme Court ruling discussing the sufficiency of evidence required to support a conviction for conspiracy to commit murder. We decline to grant judicial notice for the reason stated above.

4